# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-06651-RGK-SSC | Date | August 16, 2024 |
|---|---|---|---|
| Title | *Avi Cohen v. Drivetime Car Sales Company, LLC et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause Re: Amount in Controversy [DE 1]

On July 2, 2024, Avi Cohen ("Plaintiff") filed a Complaint against Drivetime Car Sales Company, LLC ("Drivetime") and Fidelity and Deposit Company of Maryland ("FDCM") (collectively, "Defendants") in Los Angeles County Superior Court alleging various state law tort claims arising from Plaintiff's purchase of a used 2016 Lexus ES350 Fe ("Vehicle") from Drivetime. On August 6, 2024, Drivetime removed the action to this Court on the basis of diversity jurisdiction.

Pursuant to 28 U.S.C. § 1332, a district court shall have original jurisdiction over any civil action where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different States. After a plaintiff files an action in state court, the defendant attempting to remove the action bears the burden of proving the amount in controversy requirement has been met. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (citing *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013)).

Courts must "strictly construe the removal statute against removal jurisdiction" and remand an action "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). However, "[w]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias v. Residence Inn*, 936 F.3d 920, 924 (9th Cir. 2019). "A shortcoming in a notice of removal concerning the amount in controversy is not jurisdictional . . . until the movant has an opportunity to correct any perceived deficiency in the notice," and the notice need not in and of itself prove that the district court has jurisdiction. *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-06651-RGK-SSC | Date | August 16, 2024 |
|---|---|---|---|
| Title | *Avi Cohen v. Drivetime Car Sales Company, LLC et al.* | | |

Plaintiff alleges Drivetime made various misrepresentations in connection with the sale of the Vehicle. Thus, Plaintiff seek damages, recission, punitive damages, and attorneys' fees against Drivetime. Plaintiff also alleges FDCM has issued a $50,000 surety bond to Drivetime, which is payable to Plaintiff because of Drivetime's alleged fraud. To arrive at the amount in controversy required for removal, Drivetime asserts, without any evidence, that the purchase price of the vehicle was $35,110.48. Drivetime also appears to aggregate the $50,000 bond claim Plaintiff seeks against FDCM with the damages Plaintiffs seeks against Drivetime.

Drivetime, however, fails to plausibly allege that the amount in controversy exceeds $75,000. With $35,110.48 as the starting point, and no evidence to support the other forms of damages asserted against Drivetime, the amount in controversy is not met with respect to Drivetime. Nor can the damages asserted against Drivetime be aggregated with damages asserted against FDCM. *United States v. S. Pac. Transp. Co.*, 543 F.2d 676, 683 n.9 (9th Cir. 1976) (holding that aggregation is not permitted unless the claims against multiples defendants are "common and undivided").

For the foregoing reasons, Drivetime has not satisfied its burden of plausibly alleging that the amount in controversy meets the jurisdictional requirement. The Court is skeptical that Drivetime can show by a preponderance of evidence that this requirement is met. Accordingly, the Court **ORDERS** Drivetime to **show cause in writing** why the jurisdictional requirements are or are not satisfied. Such a response **shall not exceed five pages** and must be submitted within **six days of this Order's issuance.**

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/dc |