UNITED STATES DISTRICT COURT      JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-06651-RGK-SSC | Date | August 23, 2024 |
|---|---|---|---|
| Title | *Avi Cohen v. Drivetime Car Sales Company, LLC et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**     **(IN CHAMBERS) Order Remanding Action to State Court**

On July 2, 2024, Avi Cohen ("Plaintiff") filed a Complaint against Drivetime Car Sales Company, LLC ("Drivetime") and Fidelity and Deposit Company of Maryland in Los Angeles County Superior Court alleging various state law tort claims arising from Plaintiff's purchase of a used 2016 Lexus ES350 Fe ("Vehicle") from Drivetime. On August 6, 2024, Drivetime removed the action to this Court on the basis of diversity jurisdiction. On August 16, 2024, the Court ordered Drivetime to show cause that the amount in controversy requirement was satisfied for diversity jurisdiction. On August 22, 2024, Drivetime responded. Upon review of Drivetime's Response, the Court finds that the amount in controversy has not been established and hereby **REMANDS** the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, a district court shall have original jurisdiction over any civil action where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different States. After a plaintiff files an action in state court, the defendant attempting to remove the action bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

Courts must "strictly construe the removal statute against removal jurisdiction" and remand an action "if there is any doubt as to the right of removal in the first instance." *Id.* at 566. However, "[w]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias v. Residence Inn*, 936 F.3d 920, 924 (9th Cir. 2019). "A shortcoming in a notice of removal concerning the amount in controversy is not jurisdictional . . . until the movant has an opportunity to correct any perceived

UNITED STATES DISTRICT COURT          JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-06651-RGK-SSC | Date | August 23, 2024 |
|---|---|---|---|
| Title | *Avi Cohen v. Drivetime Car Sales Company, LLC et al.* | | |

deficiency in the notice," and the notice need not in and of itself prove that the district court has jurisdiction. *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021).

Plaintiff alleges Drivetime made various misrepresentations in connection with the sale of the Vehicle. Thus, Plaintiff seek damages, recission, punitive damages, and attorneys' fees against Drivetime. Drivetime argues that the amount in controversy is met because the purchase price of the Vehicle was $35,110.48, and when including potential punitive damages and attorneys' fees, Plaintiff could recover well over $75,000. There are two issues with Drivetime's arguments, however. First, there is no support for the $35,110.48 purchase price in the Complaint, Notice of Removal, or Drivetime's Response to the OSC. Second, even if the $35,110.48 purchase price were adequately supported, there is no basis for the Court to determine the amount of any potential award of punitive damages or attorneys' fees. The Court declines to speculate on the size of either award.

Accordingly, the Court finds that Drivetime has failed to plausibly allege that the amount in controversy meets the jurisdictional requirement. Accordingly, the Court **REMANDS** the action to state court for all further proceedings.

**IT IS SO ORDERED.**

cc: LASC, 24VECV03154

|  | : |
|---|---|
| Initials of Preparer | JRE/sf |